IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW BOZEK,

                Plaintiff,                              OPINION AND ORDER

v.

                                                      12-cv-00588-wmc

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

Pursuant to 42 U.S.C. § 405(g), plaintiff Matthew Bozek seeks judicial review of a final administrative decision of the Commissioner of Social Security, which found that he was not disabled within the meaning of the Social Security Act. For the reasons set forth below, the case will be remanded to the Commissioner for further proceedings.

**FACTS**

**I. Procedural Background**

In April of 2005, Bozek applied for social security benefits, alleging disability beginning on May 31, 2004, due to left shoulder surgeries with reflex sympathetic dystrophy ("RSD") and depression. (AR 111-13, 165QQ, 1104-07.) The Agency denied Bozek's application initially and upon reconsideration, as well as after a hearing before an administrative law judge ("ALJ"). (AR 23, 25, 29-37, 42-45, 47-53, 1108-18.) On September 11, 2008, ALJ Keith Dietterle found that given Bozek's residual functional capacity ("RFC"), he could perform a significant number of jobs in the national economy. (AR 29-37.)

In response, Bozek both appealed the ALJ's decision and filed a new benefits application in November 2008. (AR 41, 94.) Bozek's new application was initially denied. (AR 94, 107-10, 1119). However, on July 27, 2009, the Appeals Council vacated the ALJ's decision denying his original application, remanding the case back to an ALJ to address a treating source opinion, to give consideration to a functional capacity evaluation from February 2005 and to secure acknowledgment of Bozek's right to representation. (AR 39-40.)

On remand from the Appeals Council, ALJ Thomas Cheffins held a video hearing on February 18, 2011, during which Bozek, who was now represented by counsel, testified. (AR 38-65.) On June 23, 2011, the ALJ again found that Bozek's RFC allowed him to perform a significant number of sedentary jobs in the national economy. (AR 11-22.) This decision became the final decision of the Commissioner when the Appeals Council denied review. (AR 3-6.)

## II. Nature of Injury

On April 26, 2004, Bozek sustained a work-related shoulder injury (AR. 1148). He underwent surgery in June 2004 and subsequently went back to work after settling his workmen's compensation claim. (AR 352, 354.) In October 2004, he stopped working again to undergo further shoulder surgery. (AR 375, 1155.) Bozek indicated that he was then unemployed until he began working part-time as a cashier at Kmart from May until November 2005, when the store closed down. (AR 1154-56, 1158-59.) Bozek then worked part-time as a bagger at a grocery store for more than a year, from February 2006

to May 2007, at which time he stopped working to undergo left knee surgery. (AR 1153.) Following surgery, Bozek returned to work part-time as a stocker at Home Depot from February to July 2008. (AR 1154.) He also worked full-time as a parts driver from June through October 2008, when he stopped working due to pain in his left knee. (AR 66, 1151-3.)[1]

Bozek claimed disability due to problems with his left shoulder, numbness and pain in his left elbow to fingers, knee pain, neck and back pain, and depression. (AR 161, 165N, 165O, 165QQ, 165RR, 168, 1151-53, 1155, 1160, 1163, 1165, 1171.) He further alleges that he could lift only 10 pounds with his left arm, had problems reaching, and had difficulty using his left hand for gripping. (AR 165U, 1160.) He also alleged problems bending and walking, standing, and sitting for long periods. (AR 165U, 168, 192, 197, 1160, 1163.) Finally, Bozek claimed problems with memory. (AR 165U.)

## III. Administrative Law Judge's Decision

Although he considered the record evidence that Bozek had worked intermittently after May 31, 2004, the ALJ found that Bozek had not engaged in substantial gainful activity since that date. (AR 13.) Giving Bozek the benefit of the doubt, the ALJ found that the post-onset jobs either constituted less than "substantial gainful activity" or were unsuccessful work attempts. (*Id.*)

---

[1] In his brief to this court, Bozek concedes that he was not entitled to disability from June 2, 2008 to October 29, 2008, because he was working full time. (Pltf. Br. (dkt. #16) at 8.) He contends, however, that (1) prior to October 29, 2008, he may have been disabled for some closed periods; and (2) he was clearly disabled from October 30, 2008, onward. (Pltf. Br. (dkt. #16) at 4, 7-8.)

The ALJ also found that Bozek had the following severe impairments: post left shoulder surgery, post knee surgeries on both knees for meniscus tears, RSD, obesity, degenerative disc disease, carpal tunnel syndrome ("CTS"), and depression. (AR 13-14.) Even so, the ALJ further found that Bozek: (1) did not have an impairment or combination of impairments that met or equaled one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (AR 14); and (2) had the RFC to perform sedentary work, except he would require a sit/stand option that allowed him to sit or stand alternatively at will, provided that he was not off task more than 10 percent of the work period (AR 15). The ALJ similarly found that Bozek: could do occasional pushing/pulling with the left upper extremity; could do bilateral foot control operation, except for driving; could not climb ladders, ropes or scaffolds; could frequently climb ramps and stairs; could occasionally balance, stoop, crouch, kneel, and crawl; could occasionally perform overhead reaching with the left upper extremity; was limited to jobs that could be performed while occasionally using a walker; and had to avoid all exposure to excessive vibration, all use of moving machinery, and all exposure to unprotected heights. (*Id*.) Finally, the ALJ found that Bozek could perform only "simple tasks." (*Id*.)

Consistent with these findings, the ALJ concluded that Bozek could not perform his past relevant work. (AR 20.) Based on the Medical-Vocational Guidelines in conjunction with the testimony of the vocational expert, however, the ALJ also concluded that Bozek was not disabled because he could perform a significant number of simple, sedentary jobs in the national economy. (AR 20- 21.)

**OPINION**

When a federal court reviews a final decision by the Commissioner of Social Security, the Commissioner's findings of fact are "conclusive" so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the administrative law judge. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

Even so, a district court may not simply "rubber-stamp" the Commissioner's decision without a critical review of the evidence. *See Ehrhart v. Secretary of Health and Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). The ALJ must also explain his "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Id. See Herron v. Shalala*, 19 F.3d 329, 333–34 (7th Cir. 1994). When the administrative law judge denies benefits, he must build a logical and accurate bridge from the evidence to his conclusion. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). Bozek challenges the ALJ's decision on several grounds, each of which is addressed below.

I. **Dr. Sikka and Dr. Fernandes – Treating Physicians**

Bozek challenges the ALJ's assessment of two treating doctors' medical opinions -- Drs. Sikka and Fernandes. Only slightly more specifically, Bozek argues that the opinions of both these treating physicians should have been given more weight pursuant

to 20 C.F.R. § 404.1527 "than a physician who simply gives an opinion." (Dkt. #16 at 6.)

Bozek's argument is conclusory since there is little substance to support it. While a treating physician is generally given controlling weight when the opinion "is consistent with the record." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); s*ee also Filus v. Astrue*, 694 F.3d 863, 868 (7th Cir. 2012) (ALJs may discount medical opinions based solely on the patient's subjective complaints). In deciding where not to give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the following factors: (1) length, nature, and extent of the treatment relationship; (2) frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and supportability of the physician's opinion. *Scott v. Astrue*, 647 F.3d 734, (7th Cir. 2011); *see also* 20 C.F.R. § 404.1527(d)(2).

Here, on the face of the ALJ's decision, the court can discern no obvious error. On the contrary, the ALJ considered Drs. Sikka's and Fernades' letters opining on the ultimate issues of whether Bozek had a disability (which contravenes 20 C.F.R. § 404.1527(e)(1)) and reasoned that those opinions of Bozek's physical limitations were inconsistent and less persuasive than with Dr. Lowry's opinion, who was also Bozek's treating physician and a specialist in the field of Bozek's injuries. Specifically, by January 2009, Dr. Lowry opined that Bozek could perform "table top type work only with no lifting greater than 10 pounds and primarily sitting type activities with no prolonged ambulation." (AR 833.) Indeed, Dr. Lowry encouraged Bozek to consider exploring job retraining options. (*Id*.) On this record, the ALJ appears to have a reasonable factual

basis to find that Dr. Lowry was Bozek's treating specialist and to afford his opinion great weight. (AR 18A.) *See* 20 C.F.R. § 404.1527(d)(5). In particular, Dr. Lowry's opinion supports the ALJ's finding that even after October 2008, Bozek retained the RFC to perform a range of sedentary work.

In contrast, Bozek's brief points to no specific deficiencies in the ALJ's analysis. If anything, the briefing hints that the court should undertake its own in depth analysis of the record and the ALJ's decision, but that is not the role of a district court in the first instance. Rather, a district court reviews an administrative disability determination with deference and will uphold a denial of benefits unless the ALJ's decision is (1) not supported by substantial evidence, or (2) is based on an error of law. 42 U.S.C. § 405(g); *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

Bozek's brief fails to identify any meaningful deficiencies on either of these grounds. For instance, there is nothing in the briefing that questions the substantiality of the evidence or targets improper application of the multi-factor analysis stated in 20 C.F.R. § 404.1527(d)(2). Instead, the court is left with the ALJ's analysis of the opinions of Drs. Sikka and Fernandes that appears both proper and based on substantial evidence. Without more, the court must reject Bozek's conclusory argument challenging the ALJ's discounting of two treating physicians. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim").

**II. Formulation of RFC and Questions to the Vocational Expert**

Bozek next contends that the vocational expert did not take into account his mental limitations with respect to "endurance" and "concentration." (Dkt. #16 at 9.) This challenge is predicated on asserted deficiencies in the ALJ's RFC formulation. As far as the court can tell, the ALJ's formulation accommodated for Bozek's mental health limitations by noting that he should be limited to "perform simple tasks only." (AR 19.) Notwithstanding Bozek's GAF score of 52,[2] the ALJ found that he had an "adequate ability" to "maintain attention and concentration . . . and whose pace is now limited". Dr. Eiseman's opinion in 2005 supported this finding. (*Id.*)[3] The ALJ also cites other medical opinions to support his RFC determination. For example, the ALJ purported to give "significant weight" to the opinion of Dr. William Merrick, which he found generally consistent with Dr. Eiseman's opinion. (*Id.*) This evidence was also said to support the RFC determination. (*Id.* at 15 and 19.)

On closer inspection of the record, however, Dr. Merrick actually found that Bozek was "moderately" limited in concentration, persistence, and pace. (AR 233.) This presents at least two problems. First, Dr. Eiseman's opinion is then at odds with Dr.

---

[2] A GAF score is a psychiatric measure of a patient's overall level of functioning. A GAF between 41 and 50 indicates "Serious symptoms (*e.g.,* suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.,* no friends, unable to keep a job)." In turn, a GAF between 51 and 60 reflects "Moderate symptoms (*e.g.,* flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (*e.g.,* few friends, conflicts with peers or co-workers)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, Text Revision (DSM-IV-TR) 34 (4th ed. 2000).

[3] While the GAF score designated by Dr. Eiseman is not dispositive of Bozek's mental abilities, the court is a little puzzled how he could be viewed to have "adequate" abilities in CPP when his GAF score would be more reflective of moderate deficiencies in CPP.

Merrick's, since the former found Bozek was "adequate" in CPP while the latter found "moderate" deficiencies. Second, if the ALJ had actually given Dr. Merrick's opinion "significant weight," then (a) this assessement of Bozek's RFC should have accounted for moderate limitations in his CPP -- which in turn should have been reflected in questions to the vocational expert -- *or* (b) his decision should have explained his apparent discounting of Merrick's assessment.

As to the first problem -- material inconsistency between supposedly-credited medical opinions -- the court has little choice but to remand because an ALJ "must explain how any material inconsistencies or ambiguities in the evidence were considered and resolved." SSR 96–8p. Here, there is nothing in the ALJ's decision that goes to explaining this deficiency. Mere generalizations are not enough. *See Huber v. Astrue*, 395 Fed. Appx. 299, 302 (7th Cir. 2010); *see also Herron v. Shalala*, 19 F.3d 329, 333–34 (7th Cir. 1994) (an ALJ must also explain her analysis of the evidence with enough detail and clarity to permit meaningful appellate review).

Resolution of the second problem may hinge on how the ALJ reconciles the first problem on remand, but the fact that the ALJ has already assigned "significant weight" to Dr. Merrick's opinion means that the ALJ should have provided, at minimum, a more detailed account of moderate CPP limitations to the vocational expert. *See generally*, *O'Connor–Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) ("Among the limitations the VE must consider are deficiencies of concentration, persistence and pace"). More specifically, because the ALJ failed to properly accommodate for limitations in Bozek's CPP in his RFC formulation, the vocational expert was not fully informed of Bozek's

9

mental abilities (or lack thereof). In turn, the vocational expert's opinion as to the availability of jobs suitable to Bozek has been substantially tainted. *See Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002) ("hypothetical questions posed to [VE's] ordinarily must include all limitations supported by medical evidence in the record.").

### III. Remaining Challenges

Bozek raises three additional challenges to the administrative proceedings, most of which are not fully developed. For instance, Bozek purports to challenge the ALJ's findings that no listings were met, but fails to mention, much less argue, *which listings have been met*, nor point to medical evidence supporting that argument. Another of Bozek's undeveloped challenges is that there are missing records associated with his second application that were not considered by the ALJ, while providing no citation or explanation as to what these records may be, much less why they are material. Finally, Bozek argues that his disability claim is stronger if his onset date were October 31, 2008 (as opposed to May 31, 2004). Again, this argument, like the previous two, lacks any meaningful explanation. Accordingly, the court summarily finds that these issues lack merit for the purposes of this appeal. *See Dunkel*, 927 F.2d at 956; *United States v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir.1990).[4]

---

[4] Given the non-adversarial nature of social security proceedings, there would seem no reason why Bozek could not raise at least some of these issues before the ALJ on remand. For example, the purported missing records may be worth addressing further with the ALJ to ensure that the record on remand is fully and fairly developed. *See Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) ("although a claimant has the burden to prove disability, the ALJ has a duty to develop a full and fair record"). Similarly, to the extent Bozek wants to narrow his claimed onset date, this, too, may be possible on remand or by new action. Indeed, coupled with the passing of time (Bozek is now nearing age 50), there could well be further medical evidence to support Bozek's disability

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Matthew Bozek's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 19th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

claim based on physical and mental limitations.